IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE NEIMAN MARCUS GROUP, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:10-CV-1501-L** |
| | § | |
| **PACIFIC VALLEY BANK** and | § | |
| **HEARST COMMUNICATIONS, INC.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant/Claimant Pacific Valley Bank's Motion for Entry of Default Judgment, filed November 18, 2010. After consideration of the motion, appendix, record, and applicable law, the court hereby **grants** Defendant/Claimant Pacific Valley Bank's Motion for Entry of Default Judgment.

**I.       Background**

Plaintiff Neiman Marcus Group ("Neiman") filed its original complaint and interpleader of funds involving Defendants Pacific Valley Bank ("PVB") and Hearst Communications, Inc. ("Hearst") in this court on August 2, 2010. Neiman states that it sold jewelry on consignment from Jewelry by Rosalina, Inc. ("JBR"). Pl.'s Compl. 1 ¶ 4. As a result of the sales of consigned jewelry, Neiman owes JBR $61,600. *Id.* The consignment agreement between Neiman and JBR has since been terminated and the $61,600 amount is all that remains owed between Neiman and JBR. *Id.*

PVB asserted a security interest in the accounts receivable of JBR and, on November 24, 2009, sent Neiman a letter demanding remittance of the $61,600 amount owed by Neiman to JBR. *Id.* at 2 ¶ 5-6. On December 8, 2009, Hearst sent Neiman a letter stating that Hearst had obtained

an Assignment Order from the Superior Court of California, County of San Francisco, and that, pursuant to that order, Neiman was to make all payments owed to JBR to Hearst. *Id.* at 2 ¶ 7.

Unable to determine which entity is truly entitled to the $61,600 amount, Neiman deposited the full amount into the court registry on August 3, 2010. Neiman requests that PVB and Hearst interplead in this action in connection to their respective rights in the $61,600 amount and be enjoined from instituting or further prosecuting any action against Neiman.

Summons were issued to Defendants on August 10, 2010. PVB filed an answer on September 16, 2010. Summons were returned as executed as to Hearst on September 17, 2010. To date, Hearst has not filed an answer or otherwise appeared in response to this action. The clerk's entry of default was entered as to Hearst on October 28, 2010. PVB now moves for entry of default judgment against Hearst and seeks an award of the $61,600 amount interpleaded in this action, in addition to any interest that has thereon accrued.

## II.     Default Judgment

If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2). Default by a claimant in an interpleader action results in the forfeiture of the claim. *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006); *see also New York Life Ins. Co. v. Connecticut Dev. Authority*, 700 F.2d 91, 95 (2d Cir. 1983); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984).

The court finds that because Hearst has neither filed an answer to this interpleader action nor otherwise defended against PVB's claim to the $61,600 amount, and because Hearst is not an infant,

an incompetent or in the military, PVB is entitled to judgment against Hearst. The court therefore accepts as true the well-pleaded allegations stated by PVB in its answer, the facts in PVB's Motion for Entry of Default Judgment, and those set forth in the appendix accompanying the motion. The court concludes that, because Hearst has failed to answer, Hearst has forfeited its claim. Further, the court accepts that PVB's interest in the $61,600 amount is superior to any interest of Hearst.

Neiman is therefore relieved of liability with respect to the $61,600 amount. PVB is hereby awarded the entire $61,600 amount in addition to all accrued interest on that amount deposited into the court registry. The sums awarded shall be disbursed to PVB by the clerk of the court forthwith. Any request by Neiman for attorney's fees must be made pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and must state the authority and grounds upon which that request is based.

### III. Conclusion

For the reasons stated, the court **grants** Defendant/Claimant Pacific Valley Bank's Motion for Entry of Default Judgment. The court hereby **orders** that Neiman is relieved of all liability with respect to the $61,600 amount deposited into the court registry and that PVB and Hearst are prohibited from pursuing any other legal proceedings, other than a legal right a party possesses or obtains by virtue of this civil action, against Neiman. It is further **ordered** that the clerk of the court disburse the entire $61,600 amount to PVB and all accrued interest. Court costs will be divided equally between PVB and Hearst. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 27th day of December, 2010.

_____
Sam A. Lindsay
United States District Judge